IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| NORA A. HARRISON BARKEY, ) | | |
| ) | | |
| Plaintiffs, ) | Case No. CV07-471-S-BLW | |
| ) | | |
| vs. ) | **INITIAL REVIEW ORDER** | |
| ) | | |
| BRENT REINKE, OFFICER ) | | |
| JAMES MELIN, ) | | |
| ) | | |
| Defendants. ) | | |
| _____) | | |

Pending before the Court is the review of Plaintiffs' Prisoner Civil Rights Complaint and Amended Civil Rights Complaint (Complaint) in order to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 1915. Plaintiff Murphy also filed (1) two Applications to Proceed *in Forma Pauperis* (Docket Nos. 1, 5); and a (2) Motion to Amend *in Forma Pauperis* Request (Docket No. 6). Having reviewed the Complaints in this action, the Court has determined that Plaintiff will be authorized to proceed on the Eighth Amendment and First Amendment claims. Additionally, Plaintiff's request for indigent filing status will be granted.

## BACKGROUND

Plaintiff is an inmate held in the custody of the Idaho Department of

**ORDER 1**

Correction (IDOC).  At the time the allegations in the Complaint first arose, Plaintiff was incarcerated at the East Boise Community Work Center (Work Center).  Plaintiff is currently incarcerated at the Pocatello Women's Correctional Center (PWCC).  The Complaint names IDOC Director Brent Reinke and Correctional Officer James Melin as Defendants.  *Docket No. 3*, p. 2-3.

The Complaint alleges that Officer Melin conducted a body search on Plaintiff in a "sexually aggressive manner without cameras or female officers present." *Id*, p. 3.  Plaintiff claims that female inmates at the Work Center are rarely subjected to body searches because of the community custody level they have achieved.  The Work Center inmates are given more freedom because they are being integrated back into society. *Id*., p. 4.  After the body search, Officer Melin allegedly ordered Plaintiff to stay in her room and would not allow her to leave.  She claims that an Officer Miller took her out of her room on three occasions to threaten her.  *Id*.

Plaintiff alleges that she tried to report the incident to Officer Criston, but he informed her that he would be reviewing a DOR she was going to receive, so he could not talk to her about the incident.  *Id*.  Plaintiff claims that she reported the incident to the Office of Professional Standards at IDOC.  *Id.,* p. 6.  She further alleges that the only investigation conducted into these events occurred in the

**ORDER  2**

presence of Officer Melin. Other Correctional Officers allegedly intimidated the witnesses who observed the way Plaintiff was being treated. *Id*, p. 7.

The Complaint also contains allegations that Director Reinke was unresponsive to claims of sexual misconduct of staff towards the female inmates. *Id.*, p. 9. Plaintiff alleges that three female inmates have been sexually assaulted, and the offending Officers were "quietly removed" with no consequence to them. The female inmates who were allegedly sexually assaulted have never been offered any counseling after the assaults. *Id.*, p. 4. The Complaint alleges that Director Reinke is aware of the sexual assaults and the failure to properly investigate them.

Plaintiffs also claim that correctional officers at PWCC have retaliated against her. *Docket No. 8 (Supplemental Complaint),* p. 2-4. She alleges that false DOR charges were brought against her, alleging she had attempted to escape. The DOR was allegedly dismissed by the Warden, but by this time, Plaintiff had been held in solitary confinement for twenty-three (23) days. *Id.*, p. 5. It appears that Plaintiff alleges she "walked away" from the Work Center after Officer Melin threatened to rape her. *Id.*, p. 6.

Plaintiff also asserts that she received income from her earnings while incarcerated at the Work Center and that she received a tax refund check. She claims that the funds in her inmate trust account at the Work Center totaling

**ORDER 3**

$3,000.00 were confiscated as part of the retaliation against her. *Id.,* p. 7. Plaintiff also claims that she was transported between PWCC and the Ada County Jail eight (8) times while trying to prepare for her trial, thereby interfering with her ability to confer with counsel.

## DISCUSSION

The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915. The Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief can be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

**Eighth Amendment -- Prison Conditions**

In order to state a claim under the Eighth Amendment, a plaintiff must show that she is incarcerated under conditions posing a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A plaintiff must also show that the defendants were deliberately indifferent to the substantial risk of serious harm. Deliberate indifference exists when an official knows of and disregards a condition posing a substantial risk of serious harm or when the official is "aware of facts

**ORDER  4**

from which the inference could be drawn that a substantial risk of harm exists," and actually draws the inference. *Id.,* 511 U.S. at 837.

Prisoners have an Eighth Amendment right to be free from sexual abuse. *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)); *Felix v. McCarthy*, 939 F.2d 699, 702 (9th Cir. 1991). Sexual abuse is "inconsistent with contemporary standards of decency" and "repugnant to the conscience of mankind," and therefore, violates the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 327 (1986) (internal citations omitted).

The Complaint states that Plaintiff was subjected to "sexual misconduct" by Correctional Officer Melin. She further alleges that Director Reinke was unresponsive to complaints about the sexual misconduct. These allegations are adequate to state an Eighth Amendment claim against the Defendants Melin and Reinke. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)(liability under section 1983 arises upon a showing of personal participation by the defendant or when a supervisor knew of the violations and failed to act to prevent them).

**Retaliation Claim**

Plaintiff also alleges that she has been retaliated against for complaining about Defendant Melin's conduct. A retaliation claim must allege the following:

**ORDER 5**

"(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  A "chilling effect on First Amendment rights" is enough to state an injury.  *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001).

Plaintiff's allegations regarding the alleged retaliation resulting from her report of sexual misconduct by a correctional officer set forth adequate facts in support of the retaliation claim.

### Fourth Amendment Violations

Plaintiff also asserts a privacy rights claim under the Fourth Amendment and requests an order that only female correctional officers be allowed to conduct body searches on female inmates.  The privacy interests of an inmate must be balanced against the administrative needs of a prison.  Courts have held that female guards are permitted to view unclothed male inmates while they are showering and being strip searched.  *Grummett v. Rushen*, 779 F.2d 491, 494 (9th Cir. 1985)(female guards' pat-down searches of male inmates including the groin area and shower duty do not violate the Fourth Amendment); *Somers v. Thurman,* 109 F.3d 614, 620 (9th Cir. 1988)(female guards occasional strip searches of male

**ORDER  6**

inmates does not violate Fourth Amendment); *Timm v. Gunter*, 917 F.2d 1093, 1100 (8th Cir. 1990)(privacy rights of male inmates are balanced against the legitimate equal employment rights of male and female guards and the internal security needs of a prison).  Based on the foregoing, Plaintiff's request for an order that only female correctional officers be allowed to conduct body searches on female inmates fails to state a cognizable constitutional claim.

### PENDING MOTIONS

Plaintiff Murphy filed two Applications to Proceed *in Forma Pauperis* and a Motion to Amend her *in Forma Pauperis* requests.  When Plaintiff initially requested indigent filing status, it appeared that she had sufficient funds to pay the filing fee for this action.  Based on the most recent request, it appears that Plaintiff no longer has the funds to pay the filing fee, and therefore, her request for indigent filing status will be granted, thereby allowing her to pay the filing fee in smaller increments.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants Melin and Reinke shall be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within thirty (30) days.  If Defendants choose to

**ORDER  7**

return the Waiver of Service of Summons, the answer or pre-answer motion shall be due in accordance with Rule 12(a)(1)(b).  Accordingly, the Clerk of Court shall forward a copy of the Complaints (Docket Nos. 3 and 8), a copy of this Order, and a Waiver of Service of Summons to Paul Panther, Deputy Attorney General, Idaho Department of Correction, 1299 North Orchard, Ste. 110, Boise, Idaho 83706 on behalf of the Defendants set forth above.

If counsel for the IDOC determine that their office will not be appearing for a Defendant listed above, they should notify the Court's Pro Se Unit immediately in writing (Pro Se Unit, U.S. District Court, 550 West Fort Street MSC 042, Boise, ID 83724) or via the CM/ECF system, with a copy to Plaintiff.

IT IS FURTHER HEREBY ORDERED that each party shall ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5.  Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made. The Court will not consider *ex parte* requests unless a motion may be heard *ex parte* according to District of Idaho Local Civil Rule 7.2. ("*Ex parte*" means that a party has  provided a document to the court, but that the

**ORDER  8**

party did not provide a copy of the document to the other party to the litigation.)

IT IS FURTHER HEREBY ORDERED that all Court filings requesting relief or an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion.  The Court will not consider requests made in the form of letters.

IT IS FURTHER HEREBY ORDERED that Plaintiffs shall notify the Court immediately of address changes.  Failure to do so may be cause for dismissal of this case without further notice.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Applications to Proceed *in Forma Pauperis* ((Docket Nos. 1, 5) are GRANTED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Amend *in Forma Pauperis* Request (Docket No. 6) is GRANTED.

DATED:  **May 16, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER  9**